## BANNIGAN v. THE CENTRAL IOWA R. Co.

1. **Change of Venue:** COSTS OF FORMER TERM. The action of the court in making the change of venue conditional upon the payment of all the costs accrued up to the time the order was made, including the costs of a former term, not caused or rendered useless by the change, and in refusing to grant the change without the payment of all said costs, was error.

*Appeal from Hardin District Court.*

MONDAY, JUNE 12.

THE plaintiff claims of the defendant five hundred dollars damages for injury to the plaintiff's property occasioned by fires, originating from alleged carelessness in operating the defendant's railway. The cause was tried by a jury, and a verdict was returned for the plaintiff for one hundred and fifteen dollars. The motion for a new trial was overruled, and judgment was entered upon the verdict. The defendant appealed May 24th, 1881. Afterwards the plaintiff appealed.

*Boardman & Daily* and *H. L. Huff*, for defendant.

No argument for plaintiff.

DAY, J.—The petition was filed April 29th, 1880. At the December term, 1880, the cause was continued by agreement of parties. At the May term, 1881, the defendant moved the court for a change of venue on the ground of the prejudice of the inhabitants of Hardin county against the defendant. This motion was supported by the requisite affidavits. On the tenth day of May, the motion for change was granted, and the cause was sent to Franklin county, "on condition that the defendant pay all costs made in the cause up to this time." The defendant excepted to the ruling requiring the payment of costs of previous

terms, amounting to more than forty dollars, and declined to pay said costs, and asked that the change be allowed on payment of all costs of the May term, and all costs rendered useless by the change. The court refused to grant the change upon those terms. On the following day the defendant filed a motion that the order taxing costs on defendant's motion be modified for the following reasons:

" 1. That the costs taxed by said order are excessive and it imposes upon defendant further and more costs than are required by section 2596 of the Code of Iowa, which section regulates the costs to be paid in such cases when change of venue is had.

" 2. Defendant hereby expresses a willingness to pay such costs as are provided for by said section 2596, and now tenders the said costs, which are as follows, to-wit:

" *First.* Costs of summoning witnesses for this term.

" *Second.* Witness fees, this term, and mileage.

" *Third.* Costs for transcript and such other costs as may be required by said section 2596."

The defendant then offered and tendered the costs aforesaid, but the court rejected the offer, and overruled the motion, to which defendant excepted. Thereupon the plaintiff moved the court to set aside the order granting a change of venue, and re-docket the cause for the following reasons: "Because the order granting the change of venue was made on Tuesday of this week, and the costs required by the order of the court to be paid, have not been paid, nor has a transcript been taken and paid for as required by statute, and order of the court, though this is the second day after the order granting the change of venue was rendered." This motion was sustained, and the cause was re-docketed; the change of venue was disallowed, and the case was held for trial, to all of which the defendant excepted. In making the change of venue conditional, upon the payment of all costs accrued up to the time the order was made, and in refusing to grant the change without the payment of such costs, the court erred. Section 2596

of the Code prescribes the conditions upon which a change of venue may be granted, and provides that in certain cases all costs caused by the change or rendered useless by reason thereof, shall be paid by the applicant. Costs accrued at a former term of the court could not have been caused by the change nor rendered useless by reason thereof. Where a party brings himself within the provisions of the law and shows that he is entitled to a change of venue, it is not competent for the court to impose upon him conditions not authorized by the law. In such cases a party is entitled to a change of venue as a legal right, and does not ask it as a mere favor. For the error of the court in refusing to grant a change of venue upon payment of the costs legally taxable to the defendant, the judgment must be reversed. As the appellee has submitted no argument, we deem it proper for the present to leave undetermined the other questions presented. The errors assigned by the plaintiff upon his appeal are waived by his neglect to argue the case.

Upon the defendant's appeal the judgment is

REVERSED.